Whartenby v. Winns. School District   CV-00-021-JD  08/24/01
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Jason Whartenby

    v.                                    Civil No. 00-21-JD
                                          Opinion No. 2001 DNH 160
Winnisquam Regional
School District et al.


                        O R D E R


    On March 14, 2001, the court issued an order granting in
part and denying in part the defendants' motion for summary
judgment, and denying the plaintiff's motion for summary
judgment.  In that order, the court found that the plaintiff was
given adequate pre-termination process.  The plaintiff asks the
court to reconsider that finding.

    Also in the March 14 order, the court denied the parties'
motions for summary judgment on the procedural due process claim
because the record did not reveal sufficient evidence about the
plaintiff's access to post-termination process.  Both the
plaintiff and the defendants move the court to renew their
motions for summary judgment on the claim.


I.   Pre-Termination Process

    The plaintiff, Jason Whartenby, moves the court to
reconsider its finding that the meeting between him and School

District Superintendent Norman Couture, during which Couture announced his decision to terminate Whartenby's employment, afforded Whartenby sufficient pre-termination process. Whartenby's arguments are similar to those made in his memoranda that the court considered prior to issuing its order. The court denies Whartenby's motion for the reasons given in the order dated March 14, 2001.

## II.  Post-Termination Process

If an employee with a constitutionally protected property interest in his employment is not given a full hearing prior to termination, he must have access to a full hearing after termination.  See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546 (1985); Brasslett v. Cota, 761 F.2d 827, 836 (1st Cir. 1985).  In these circumstances, failure to provide sufficient post-termination process is a violation of the employee's due process rights under the Fourteenth Amendment.  See id.; see also Calhoun v. Gaines, 982 F.2d 1470, 1476-77 (10th Cir. 1992) (stating "full-blown, adversarial post-termination hearing" is required where pre-termination process is "less elaborate"); Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1078 (3d Cir. 1990) (holding suspension absent hearing either before or after suspension violated due process).

2

Due process may be satisfied by state law that provides for post-termination process. See Loudermill, 470 U.S. at 1495. Where grievance procedures are available but the employee fails to make use of them, the employee may not claim a due process violation. See, e.g., Hennigh v. City of Shawnee, 155 F.3d 1249, 1256 (10th Cir. 1998) (holding due process satisfied where plaintiff could have used grievance procedures under collective bargaining agreement).

In their renewed motion for summary judgment, the defendants assert that Whartenby could have availed himself of the opportunity to appeal Couture's decision pursuant to N.H. Rev. Stat. Ann. ("RSA") 189:31 and 189:32 (1999). RSA 189:31 permits superintendents to remove school district employees for cause, and states that the "person so removed shall continue as an employee of the district unless discharged by the local school board but may not return to the classroom or undertake to perform the duties of such person's position unless reinstated by the superintendent." RSA 189:32 permits a person removed by the superintendent, but not dismissed by the school board, to appeal to the state board.[1]

_____

[1]RSA 189:32 reads:
Any person so removed, unless dismissed by the school board, may appeal to the state board. The board shall prescribe the manner in which appeals shall be made,

3

The defendants assert that Whartenby was not dismissed by the school board, and he does not challenge that fact. He contends that the appeal procedure provided by RSA 189:32 was not available to him because Couture not only removed Whartenby from his duties, he terminated Whartenby's employment. Whartenby also argues that he was never notified of his ability to seek an appeal under state law.

Whartenby does not dispute that he did not attempt to seek a review of Superintendent Couture's decision by the state board, nor did he ask Couture or any other administrator about the procedures for filing an appeal. Instead, he consulted an attorney and filed this lawsuit. Whartenby claims that filing an appeal would have been fruitless because Couture had already terminated his employment. However, this is speculation on Whartenby's part, as he did not seek to appeal Couture's decision to the state board. RSA 189:32 provides an avenue of grievance resolution for school district employees who have been removed from their duties and have not been dismissed by the school board, and Whartenby fell into this category. Having made no effort to inquire about possible recourse after his termination,

and when one is made shall investigate the matter in any way it sees fit, and make such orders as justice requires.

4

Whartenby cannot now claim he was denied due process.

The undisputed facts reveal that Whartenby was not denied access to post-termination process. Accordingly, the court holds that no procedural due process violation occurred, and the defendants are entitled to summary judgment on Whartenby's procedural due process claim.

## Conclusion

The plaintiff's motion for reconsideration and renewed motion for summary judgment are denied (document no. 42). The defendants' renewed motion for summary judgment is granted (document no. 47).

The plaintiff's claims for breach of contract and for breach of the covenant of good faith and fair dealing remain pending in this case. As a number of issues raised in this case have been resolved by this order and the order dated March 14, 2001, the parties should engage in good faith efforts to arrive at a nontrial disposition of the case.


SO ORDERED.


_____
Joseph A. DiClerico, Jr.
District Judge

August 24, 2001

cc:  Richard C. Mooney, Esquire
     John P. Sherman, Esquire

6